UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CARTER,<br><br>     Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>     Defendants. | Case No. 21-cv-05351-KAW   (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff Charles Carter, incarcerated at San Quentin State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison employees at San Quentin, the California Institute for Men ("CIM"), employees of the California Department of Corrections and Rehabilitation ("CDCR") and the federal receiver for prison medical care in California. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

## DISCUSSION

### I. Preliminary Review of Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

1   which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  However, a complaint must proffer

2   "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

3   *Twombly*, 550 U.S. 544, 570 (2007).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

5   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

6   the alleged violation was committed by a person acting under the color of state law.  *West v.*

7   *Atkins*, 487 U.S. 42, 48 (1988).

8        Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

9   plaintiff can show that the defendant's actions both actually and proximately caused the

10  deprivation of a federally protected right.  *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756

11  F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person

12  deprives another of a constitutional right within the meaning of section 1983 if he does an

13  affirmative act, participates in another's affirmative act or omits to perform an act which he is

14  legally required to do, that causes the deprivation of which the plaintiff complains.  *Id.* at 633.

15       There is no respondeat superior liability under § 1983.  *Lemire*, 756 F.3d at 1074.  In other

16  words, a person is not liable under section 1983 solely because he or she is responsible for the

17  actions or omissions of another.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor

18  may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional

19  deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and

20  the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing

21  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

## DISCUSSION

23  Plaintiff presents numerous allegations regarding conditions at San Quentin with respect to

24  the COVID-19 pandemic.

25       The Constitution does not mandate comfortable prisons, but neither does it permit

26  inhumane ones.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives

27  in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

28  Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Amendment imposes duties on

prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  *Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious and, (2) the prison official possesses a sufficiently culpable state of mind.  *Farmer*, 511 U.S. at 834.  In prison conditions cases, that state of mind is deliberate indifference to that inmate's health or safety.  *Id.*

**II. Plaintiff's Allegations**

The complaint alleges the following:

Defendants transferred more than 100 inmates from CIM to San Quentin without proper COVID-19 testing and other safety precautions which led to an outbreak of COVID-19 at San Quentin.  Defendants at San Quentin failed to isolate the incoming inmates or provide personal protective equipment for anyone and placed the incoming inmates with San Quentin inmates in close living quarters without proper ventilation.  Subsequently, Plaintiff suffered from COVID-19 symptoms including body aches, weakness, headaches, nausea, no sense of smell or taste, diarrhea and vomiting.  On June 29, 2020, Plaintiff tested positive for COVID-19.  Plaintiff continues to experience adverse effects from COVID-19 such as high blood pressure, memory loss and fatigue.

**CONCLUSION**

Liberally construed, these allegations appear to give rise to a cognizable Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against all Defendants.[1]

The Court orders service on Defendants through the United States Marshal and

---

[1] In *Plata v. Newsom*, No. C 01-1351 JST, a receiver was appointed to oversee the delivery of medical care to prisoners incarcerated by the CDCR.  Under 28 U.S.C. § 959, "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."  It is not necessary for a plaintiff to obtain permission from the court that appointed the receiver to sue the receiver outside of the appointing court – at least for his operation of the estate in receivership.  *Medical Dev. Int'l v. California Dep't of Corr. and Rehab.*, 585 F.3d 1211, 1213 (9th Cir. 2009) (Eastern District erred when it dismissed contract action against *Plata* receiver for lack of jurisdiction due to plaintiff's failure to obtain permission to sue from the Northern District judge who appointed receiver).

1  electronically as follows:

2      The clerk shall ISSUE a summons and the United States Marshal shall serve, without
3  prepayment of fees, copies of the operative complaint (Docket No. 1) with attachments, the notice
4  of assignment of prisoner case to a United States magistrate judge and accompanying
5  magistrate judge jurisdiction consent or declination to consent form and copies of this Order on
6  Defendant Clark Kelso, Federal Receiver, California Prison Medical Care at the law firm of
7  Futterman, Dupree, Dodd, Croley and Maier, 601 Montgomery Street, Suite 333, San Francisco,
8  CA 94111. The magistrate judge form can also be found at www.cand.uscourts.gov/civilforms.

9      The remaining Defendants shall be served ELECTRONICALLY as follows: at the
10 California Department of Corrections and Rehabilitations headquarters: Kathleen Allison, Ralph
11 Diaz, Ron Davis, Dr. R. Steven Tharratt and Dr. Joseph Bick; at San Quentin State Prison: Ron
12 Broomfield, Dr. A. Pachynski and Clarence Cryer; at California Institute for Men: Dr. L. Escobell
13 and Dean Borders.

14     Service on the listed Defendants shall proceed under the California Department of
15 Corrections and Rehabilitation's e-service pilot program for civil rights cases from prisoners in
16 CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email
17 the following documents: the operative complaint and attachments (Docket No. 1), this
18 order of service, the notice of assignment of prisoner case to a United States magistrate judge and
19 accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR
20 Report of E-Service Waiver form and a summons. The clerk shall serve by mail a copy of this
21 order on Plaintiff.

22     No later than 40 days after service of this order via email on CDCR, CDCR shall provide
23 the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendants
24 listed in this order will be waiving service of process without the need for service by the United
25 States Marshal Service ("USMS") and which Defendants decline to waive service or could not be
26 reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the
27 notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge
28 jurisdiction consent or declination to consent form to the California Attorney General's Office,

4

which, within 21 days, shall file with the Court a waiver of service of process for the Defendants who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendants who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each Defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

To expedite the resolution of this case, the Court orders as follows:

No later than sixty days from the date of service, Defendants shall file their motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that such motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than thirty days from the date the motion is served upon him.  Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,

5

411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

If Defendants wish to file a reply brief, they shall do so no later than fourteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel, if and when counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: August 11, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact; that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), to oppose the motion you cannot simply rely on what your complaint says. Instead, you must submit specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents so that you show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted to the Defendants, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. To oppose it, you may present any evidence you have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.